UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ARRIEAN NEAL KENEBREW, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:18-cv-16-TAV-DCP |
| | ) | 3:09-cr-14-TAV-DCP-2) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Arriean Neal Kenebrew has filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1].[1] The government filed a response [Doc. 2]. Because this § 2255 motion is squarely foreclosed by binding Sixth Circuit precedent, the Court finds that it is unnecessary to hold an evidentiary hearing,[2] and the motion will be denied.

Over a decade ago, Kenebrew committed a series of robberies targeting fast-food restaurants, banks, and credit unions. He pleaded guilty to: conspiring to commit bank robbery, in violation of 18 U.S.C. § 371; three substantive counts of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2, and § 2113(d); one Hobbs Act robbery, in violation

---

[1.] All docket citations refer to the civil case, No. 3:18-cv-16, unless otherwise indicated.

[2.] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

of 18 U.S.C. § 1951; and using, carrying, and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) [No. 3:09-cr-14, Docs. 36, 83]. He was sentenced to a well-below-guidelines sentence of 144 months' imprisonment, consisting of the ten-year statutory mandatory minimum for the firearms offense and concurrent 24-month terms for the remaining offenses [*Id.*]. Petitioner did not appeal, so his judgment became final on June 11, 2010. *See Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the 14-day period for filing a direct appeal has elapsed).

Kenebrew filed this motion over seven (7) years later, in January 2018. He contests the legality of his § 924(c) sentence, claiming that Hobbs Act robbery is no longer a crime of violence after *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). The former case invalidated the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), as void for vagueness, and the latter made that holding retroactive to cases on collateral review. Since Kenebrew filed his motion, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), which applied *Johnson* to hold unconstitutionally vague the similarly worded residual clause of § 924(c), which punished using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," a crime that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Davis*, 139 S. Ct. at 2324. *Davis* governs the claim Kenebrew raises in this motion.

2

But, even if this motion were timely—a non-jurisdictional issue that the government disputes [Doc. 2 p. 2]—relief is not warranted. Kenebrew's § 924(c) conviction must stand because the underlying crime of violence, Hobbs Act robbery, also qualifies as a "crime of violence" under § 924(c)'s use-of-force clause, which covers crimes that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." The Sixth Circuit has explicitly held that Hobbs Act robbery fits that bill:

> A conviction under § 1951(b)(1) [i.e., Hobbs Act robbery] requires a finding of "actual or threatened force, or violence, or fear of injury, immediate or future." Section 1951(b)(1) clearly "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" as necessary to constitute a crime of violence under § 924(c)(3)(A).

*United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017). Kenebrew pleaded guilty to using, carrying, and discharging a firearm in furtherance of a crime of violence in relation to a Hobbs Act robbery (to which he also pleaded guilty) [No. 3:09-cr-14, Docs. 28, 36]. Thus, in light of *Gooch*, Kenebrew's § 924(c) conviction involved a crime of violence even without the residual clause of § 924(c), so it must stand.

Kenebrew's *Johnson* claim has no merit, and there being no other claims, he is not entitled to relief under 28 U.S.C. § 2255. His motion to vacate, set aside, or correct his sentence [Doc. 1] will therefore be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because petitioner

has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter **DENYING** the Motion [Doc. 1].

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE